# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| **LORI MEHRER,** | ) |
| | ) |
| **Plaintiff,** | ) Case No. 5:18-cv-4095 |
| | ) |
| v. | ) |
| | ) **(Iowa Plymouth County LACV038665)** |
| **SYNTHES NORTH AMERICA, INC.** | ) |
| **d/b/a SYNTHES (USA)** | ) |
| | ) **DEFENDANT'S NOTICE OF REMOVAL** |
| | ) |
| **Defendant.** | ) |

Pursuant to 28 U.S.C. §§1332, 1441, and 1446, Defendant Synthes North America, Inc.[1] d/b/a Synthes (USA),[2] by and through undersigned counsel, and with full reservation of all rights and defenses, hereby removes this action from the Iowa District Court in and for Plymouth County to this Court on the basis set forth below.

## INTRODUCTION

1. According to Plaintiff's state court petition and upon information and belief, this product liability lawsuit involves allegations concerning screws manufactured and sold by Depuy Synthes entities and implanted in Plaintiff. Plaintiff Lori Mehrer filed suit on or about October 15, 2018, in the Iowa District Court for Plymouth County against Defendant and it was assigned case number LACV038665.

2. This Court has diversity jurisdiction over this case.

3. This case is properly removed to this Court under 28 U.S.C. §1441 because

---

[1] Synthes North America, Inc. is no longer an existing entity.

[2] Synthes (USA), incorrectly named by Plaintiff as a d/b/a of Synthes North America, Inc., is now known as Synthesis USA, LLC.

1

(1) Defendant has satisfied the procedural requirements for removal, and (2) the Court has subject matter jurisdiction over the action under 28 U.S.C. §§1332.

**DEFENDANT HAS SATISFIED
THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

4. Plaintiff mailed the removed petition by certified mail and it was received on October 31 and November 8, 2018. *See* Proof of Service. Removal is timely given the earliest possible date of arguable service is October 31, 2018. *See* 28 U.S.C. §1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . .").

5. Venue for removal is proper in this District and Division under 28 U.S.C. §95(a) because this District and Division embrace Plymouth County, Iowa, the forum in which the removed action was pending. *See* 28 U.S.C. §1441(a).

6. As required by 28 U.S.C. §1446(a) and Local Rule 81, Defendant is attaching copies of all process, pleadings and orders filed and served upon them in the state court action. As also required by 28 U.S.C. §1446(d), Defendant is serving a copy of this Notice of Removal on Plaintiff and filing a copy in the Iowa District Court for Plymouth County.

**REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT
MATTER JURISDICTION UNDER 28 U.S.C. §§1332 AND 1441.**

7. Removal of this action is proper under 28 U.S.C. §§1332 and 1441(b) because (1) the Plaintiff is diverse from Defendant, and (2) the amount in controversy exceeds $75,000, exclusive of costs and interest.

8. Paragraph 1 of the removed petition alleges that Plaintiff is a resident of Iowa. Plaintiff is, and was at the time she commenced this lawsuit, a citizen of Iowa.

9. Synthes North America, Inc. is no longer an existing entity. Synthes (USA),

incorrectly named by Plaintiff as a d/b/a of Synthes North America, Inc., is now known as Synthes USA, LLC. At the time Plaintiff commenced this civil action, and at all times since, Synthes USA, LLC was, and is, a Delaware limited liability company with its principal place of business in West Chester, Pennsylvania. The sole member of Synthes USA, LLC is DePuy Products, Inc. At the time Plaintiff commenced this civil action, and at all times since, DePuy Products, Inc. was, and is, an Indiana corporation with its principle place of business in Warsaw, Indiana. For purposes of diversity jurisdiction, a limited liability company's citizenship is the citizenship of each of its members. *See One Point Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Therefore, for diversity purposes, Synthes USA, LLC is a citizen of Indiana.

10. Thus, complete diversity exists between Plaintiff and Synthes (USA), incorrectly named by Plaintiff as a d/b/a of Synthes North America, Inc., and now known as Synthesis USA, LLC. As the amount-in-controversy requirement for federal diversity jurisdiction is also satisfied (*see* below), this case is removable on diversity grounds. *See* 28 U.S.C. §1332.

11. Without conceding proper service has been accomplished or a proper Defendant has been named, all possibly named Defendants (regardless of status of service) are represented by the undersigned and all join in, and consent to, removal. *See Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1187 (8th Cir. 2015) (consent requirement may be met by written indication from someone with authority to act on defendant's behalf; "we have recognized that the written indication of consent can come in various forms, and we have been disinclined to apply the unanimity requirement in a hypertechnical and unrealistic manner") (internal quotations and citations omitted).

12. The amount in controversy in this matter exceeds $75,000, exclusive of interest

3

and costs. Plaintiff's removed petition asserts Plaintiff has sustained medical expense damages in an amount not less than $103,857.16. *See* removed petition ¶8. Plaintiff also alleges lost wages, past and future pain and suffering, and future medical expenses. *See* removed petition.

13. "The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *Feller v. Hartford Life & Acc. Ins. Co.*, 817 F. Supp. 2d 1097, 1102 (S.D. Iowa 2010) (discussing *Kopp,* preponderance of evidence standard applies for defendant to establish "that plaintiff will recover at least $75,000 if successful.").

14. Accordingly, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

WHEREFORE, Defendant gives notice that the matter bearing civil action No. LACV038665 in the District Court for Plymouth County, Iowa is removed to the United States District Court for the Northern District of Iowa, Western Division, and requests that this Court retain jurisdiction over this matter.

/s/Nancy Penner
ROBERT D. HOUGHTON    AT0003739
NANCY J. PENNER         AT0006146
    for
SHUTTLEWORTH & INGERSOLL, P.L.C.
115 Third Street, SE, Suite 500, P.O. Box 2107
Cedar Rapids, IA 52406
PHONE:     (319) 365-9461
FAX:        (319) 365-8443
E-mail:rdh@shuttleworthlaw.com
       njp@shuttleworthlaw.com

ATTORNEYS FOR DEFENDANT

Copy to:

Joel M. Carney
William J. Hale
Goosmann Law Firm, PLC
17838 Burke Street, Suite 250
Omaha, NE 68118

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was served upon counsel of record for each party to the action in compliance with **FRCP 5 on** November 29, 2018 **by:**

[  ] U.S. Mail _____
[  ] Fax _____
[  ] Fed Ex _____
[  ] Hand Delivered _____
[  ] E-mail _____
[X] CM/ECF _____

   **/s/ Haley Fauconniere**