## IN THE DISTRICT COURT IN AND FOR PLYMOUTH COUNTY, IOWA

| | |
|---|---|
| LORI MEHRER, | CASE NO.: _____ |
| Plaintiff, | |
| vs. | **PETITION** |
| SYNTHES NORTH AMERICA, INC. d/b/a SYNTHES (USA), | **AND JURY DEMAND** |
| Defendant. | |

COMES NOW the Plaintiff, Lori Mehrer, by and through her attorneys, Goosmann Law Firm, PLC, and for her cause of action against the Defendant, Synthes North America, Inc., d/b/a Synthes (USA), states and alleges as follows:

1. Plaintiff Lori Mehrer ("Mehrer") is a resident of Merrill, Plymouth County, Iowa.

2. Defendant Synthes North America, Inc., d/b/a Synthes (USA) ("Synthes") is a Delaware Corporation, with its principal place of business in Paoli, Chester County, Pennsylvania.

3. Defendant Synthes is a manufacturer of, among other things, implantable medical screws, including the 4.0 mm Cannulated Screws, short thread (the "Screws"), in various lengths.

4. On or about February 7, 2018, Plaintiff Mehrer underwent surgery on her right foot at the Dunes Surgical Hospital, located in Dakota Dunes, South Dakota. During said surgery, three Screws made by Defendant were implanted in the bones of Plaintiff Mehrer's foot. One Screw was 26 mm long, another was 34 mm long, and the third was 42 mm long.

5. After the surgery, Plaintiff Mehrer followed all recommendations of her doctor, regarding keeping all pressure off her foot, then moving into a tall surgical shoe, then moving

1

into a shorter surgical shoe. Before making each transition, Plaintiff Mehrer met with her doctor, who did imaging and evaluated the healing of the surgery.

6. Sometime between April 19, 2018, and May 29, 2018, the 42mm length Screw ("Defective Screw") that was implanted her Plaintiff Mehrer's right foot broke into two pieces, just above the threaded portion of the Defective Screw, causing substantial pain and swelling.

7. Plaintiff Mehrer subsequently underwent necessary surgery to remove the Defective Screw and implant additional screws to repair her foot. The broken tip of the Defective Screw remains imbedded in the bones of Plaintiff Mehrer's foot, as it could not be removed by surgeons.

8. As a result of the failure of the Defective Screw, Plaintiff Mehrer sustained damages for additional medical expenses in a present amount not less than $103,857.16. It is anticipated that Plaintiff Mehrer will continue to have future medical expenses as a result of the failure of the Defective Screw.

9. In addition, as a result of the failure of the Defective Screw, Plaintiff Mehrer was forced to miss work and sustained damages for lost wages in an amount not less than $7,500.00.

10. In addition, as a result of the failure of the Defective Screw, Plaintiff Mehrer sustained damages for pain and suffering and future pain and suffering in an amount to be determined at trial.

11. The condition of the Screws remaining substantially unchanged from the time they were surgically implanted in Plaintiff Mehrer's foot to the time that it failed and caused the above damages.

12. Prior to implantation of the Screws, Plaintiff Mehrer did not inspect the Screws for flaws or defect, nor knew of any reason to believe that such an inspection was necessary. Plaintiff Mehrer was also without opportunity to inspect the Screws prior to implantation.

13. Plaintiff Mehrer did not repair, modify, damage, repackage, or otherwise physically alter the Screws while they remained implanted in Plaintiff Mehrer's foot.

14. At the time of the failure of the Defective Screw, Plaintiff Mehrer was following the instructions of her doctor and the Screws were being used in a reasonably anticipated manner.

## COUNT I (Implied Warranty)

15. All of the preceding paragraphs are hereby incorporated as through fully set out herein.

16. By selling the Screws for surgical implantation, Defendant impliedly warranted to Plaintiff Mehrer that the Screws were fit and safe to use for its intended purpose.

17. No known disclaimers of implied warranty were made by Defendant prior to sale of the Screws.

18. Defendant breached the implied warranty by selling a product that contained a defect and prematurely failed while being used for its intended purpose and under reasonable conditions.

## COUNT II (Strict Liability)

19. All of the preceding paragraphs are hereby incorporated as through fully set out herein.

20. Defendant knew, or should have known, or should have taken adequate measures to discovery that the Defective Screw was unreasonably dangerous due to the screw breaking

3

because of defective design, production defect(s), and the Defendant's failure to include proper warnings or instructions that there was a latent defect unlikely to be discovered by Plaintiff.

21. By selling the Defective Screw in its defective condition, Defendant impliedly undertook an assumption of liability for injuries caused by latent defects in the Defective Screw.

## **COUNTY III (Negligence)**

22. All of the preceding paragraphs are hereby incorporated as through fully set out herein.

23. The subject Defective Screw was manufactured, sold, and distributed by Defendant in the ordinary course of business.

24. The Defective Screw was surgically implanted in a reasonably anticipated manner, by a skilled physician.

25. At all times material herein, Plaintiff Mehrer used the Defective Screw in a reasonably anticipated manner, and followed the recommendations of her doctor.

26. The subsequent failure of the Defective Screw and related pain originated from and within the Defective Screw.

27. The pain and suffering, lost wages, and past and future medical bills of Plaintiff Mehrer were a direct result of and were proximately caused by the defect within the Defective Screw.

28. When Defendant placed the Defective Screw into the stream of commerce for surgical implantation, the Defective Screw was unreasonably dangerous and/or defective for the reasonably anticipated use expected by the patient.

4

29. As a direct result of Defendant's unreasonably dangerous and defective Screw, Plaintiff Mehrer suffered great physical pain, and was forced to undergo additional surgery and incur subsequent medical bills.

30. Plaintiff reserves the right to amend its Petition as further causes of action become apparent in discovery and further reserves the right to bring in other Defendants if necessary.

## JURY DEMAND

31. All of the preceding paragraphs are hereby incorporated as through fully set out herein.

32. Plaintiff hereby demands that this case be tried to a jury.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendant in an amount to be proven at trial for past and future medical bills, lost wages, pain and suffering, the costs of this action, and such other relief as the Court may find just and equitable.

DATED this 15th day of October, 2018.

LORI MEHRER, Plaintiff,

BY: /s/ William J. Hale
JOEL M. CARNEY, AT0001325
WILLIAM J. HALE, AT0013065
Goosmann Law Firm, PLC
17838 Burke Street, Suite 250
Omaha, NE 68118
Phone: (402) 280-7648
Email: CarneyJ@GoosmannLaw.com
HaleW@GoosmannLaw.com
Attorneys for Plaintiff